UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL RAMIREZ CRUZ (A-Number: 240-078-808),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-5793-TLN-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his re-detention without a bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner entered the United States in approximately April 2010 without permission from immigration authorities. ECF No. 6-1 at 6. Since that time, he has lived in the United States and worked in construction. ECF No. 1 at 6. Petitioner has one child who is a United States citizen. ECF No. 6-3 at 1.

While in the United States, petitioner has had encounters with law enforcement. Documents provided by the government show that petitioner was charged with battery, domestic battery, and coercion with threat or use of physical force in 2021, but the charge was ultimately

dismissed. ECF No. 6-2 at 8. The documents also show that petitioner was arrested in 2022 in Idaho for driving under the influence, but the outcome of that arrest is unclear. ECF No. 6-3 at 3. Following that arrest, immigration authorities encountered petitioner in July 2022 and on August 1, 2022, immigration authorities issued him a notice to appear and released him on his own recognizance. ECF No. 6-1 at 6-8. Petitioner was also arrested in 2023 in Nevada for driving under the influence, and that case appears to be pending. *Id.* Finally, in 2025, petitioner was arrested in Nevada for driving under the influence, and ICE agents re-detained petitioner upon his release from state custody. *Id.* That charge is also pending.

Petitioner has remained in immigration custody since December 16, 2025, without a bond hearing. ECF No. 1 at 6. On March 20, 2026, an immigration judge ordered petitioner removed to his home country and denied his request for cancellation of removal. ECF 6-3 at 1. Petitioner timely appealed that order, which remains pending. *See* https://acis.eoir.justice.gov/en/caseInformation (last checked September 8, 2026). Accordingly, the removal order is not yet final.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his re-detention without a bond hearing violates the Due Process

Clause.[1] ECF No. 1 at 6. Respondent counters that petitioner is mandatorily detained under 8 U.S.C. § 1225(b) as an applicant for admission. ECF No. 6 at 1. Respondent acknowledges that the Court of Appeals has rejected this position.[2] *Id.* Respondent does not address petitioner's due process claim. *Id.*

Courts analyze procedural due process claims in two steps: first, we consider whether there exists a protected liberty interest under the Due Process Clause, and, second, we evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

Courts in this Circuit have repeatedly found that noncitizens released from immigration custody acquire a liberty interest in their continued release. *See, e.g.*, *Labrador-Prato v. Noem*, No. 1:25-cv-1598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, No. 1:25-cv-0379-SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 481-82 (1972)).

Petitioner is no different. Petitioner entered the United States in 2010 without inspection and was detained and released by ICE in July 2022. ECF No. 6-1 at 7. Petitioner's release and time out of custody on his own recognizance have created a substantial constitutionally protected liberty interest in continued release. *See Guillermo M. R. v. Kaiser*, No. 25-cv-5436-RFL, 2025

---

[1] Petitioner has filed a motion to proceed *in forma pauperis*, ECF No. 7. That motion is granted.

[2] On July 30, 2026, the Court of Appeals held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41. This holding accords with five other Courts of Appeals. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. July 30, 2026).

WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-5259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding released noncitizens to have strong liberty interests); *see also Capote v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3168-JLT-EPG, 2026 WL 1415306, *2 (E.D. Cal. May 20, 2026) (granting writ of habeas corpus where petitioner had been previously paroled into the United States pursuant to the Cuban Humanitarian Parole program).

Accordingly, I must next determine what procedural protections the government should have afforded petitioner before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his continued release. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner acquired a private interest in continued release during the time that he was released on his own recognizance in the United States. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Second, a pre-deprivation bond hearing in immigration court would have addressed that interest, and the risk of erroneous deprivation without a bond hearing is high. Prior to releasing petitioner into the United States, respondent necessarily determined that he presented neither a

danger to the community nor a risk of flight. *See Pinchi*, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community"). Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's re-detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

"Where, as here, '[the petitioner] has not received any bond or custody . . . hearing,' 'the risk of an erroneous deprivation [of liberty] is high' because neither the government nor [the petitioner] has had an opportunity to determine whether there is any valid basis for her detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, No. 1:25-cv-0801, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)). Respondent offers no evidence or argument indicating that any procedural safeguards have been employed following petitioner's re-detention; more generally, they give the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See id*. On the contrary, the fact that the government maintains that petitioner is subject to mandatory detention and has denied him a bond hearing indicates that it has not made sufficient efforts to prevent an erroneous deprivation of his liberty. Accordingly, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without . . . a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). Indeed, respondent has provided no information about the additional burden that would fall on it as a result of being required to provide a bond hearing. *See* ECF No. 6. "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v.*

*Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's re-detention without a bond hearing violates his due process rights. Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 7. Respondent suggests that the unlawful re-detention would be cured if petitioner seeks a custody redetermination hearing in immigration court. ECF No. 6 at 1.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id*. at 128 (cleaned up). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

Here, respondent does not explain in what way there was "the necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128. Respondent also does not argue that petitioner is a danger or a flight risk. *See* ECF No. 6. Indeed, courts have found that a pre-deprivation hearing is still required where the petitioner is initially arrested by local law enforcement and then transferred to ICE custody. *See J. O. J.L. v. Blanche*, No. 1:26-cv-4142-DAD-JDP, 2026 WL 1745732, at *4 (E.D.

Cal. June 17, 2026), *report and recommendation adopted*, 2026 WL 1832766, at *1 (E.D. Cal. June 25, 2026); *Osorto v. Warden of Mesa Verde Det. Facility*, No. 1:26-cv-2915-DJC-JDP, 2026 WL 1224248, at *4 (E.D. Cal. May 5, 2026), *report and recommendation adopted*, 2026 WL 1330554 (E.D. Cal. May 13, 2026); *Adamchuk v. Casey*, No. 3:26-cv-1149-RBM-VET, 2026 WL 785532, at *1-2 (S.D. Cal. Mar. 20, 2026).

Moreover, where the government has erroneously applied section 1225(b) to a petitioner, courts have ordered immediate release. *See, e.g.*, *Morillo v. Albarran*, No. 1:25-cv-1533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *Cortes Cortes v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-6609-DC-JDP, 2026 WL 2494984, at * 3 (E.D. Cal. Aug. 25, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-5661-DAD-SCR, 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). In *Feng v. Lyons*, the court held that a delay "in providing the statutorily mandated bond hearing violates [a petitioner's] due process rights" and found that the "[p]rovision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right." No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citations omitted).

It is true that petitioner has had some encounters with law enforcement, however, based on the documents supplied by the government, petitioner has never been convicted of any crime. That fact favors release, but I am concerned by the two charges for driving under the influence, one in 2022 in Idaho and one in 2025 in Nevada, which remain pending. From the record, it is unclear why those charges remain pending or whether the local prosecutors declined to pursue those charges. However, on the record before the court, I am satisfied that the "typical remedy" of release, *see Munaf*, 553 U.S. at 693, is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing. Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21. Moreover, "the only potential injury that the government faces is a short delay in detaining [petitioner] if it ultimately demonstrates to a neutral decisionmaker that [his] detention

is necessary to prevent flight or danger to the community." *See Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 941 (N.D. Cal. 2025) (internal quotation marks and citation omitted).

Accordingly, I recommend that petitioner be released.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to proceed in formal pauperis, ECF No. 7, is GRANTED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 240-078-808) from its custody on the same conditions as his prior release. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated: September 11, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE